## McKEAGE et al. v. MORRIS & CO. (No. 95.)

(Court of Civil Appeals of Texas. Waco. Oct. 30, 1924. Rehearing Denied Nov. 20, 1924.)

**1. Master and servant ⪧302(6)—Liability of master for servant's torts stated.**

Master is liable if servant commits a tort while in discharge of his employment, but, if servant turns aside from his employment and is attending to his own affairs, or attending to affairs not within scope of his employment, master is not responsible, though if servant is engaged in master's business and combines his own therewith, master is liable.

**2. Master and servant ⪧332(2)—Engagement in master's employment question of fact on evidence.**

Where evidence raises question as to whether servant is engaged in his master's employment, it becomes a fact issue to be determined by court or jury.

**3. Master and servant ⪧332(2) — Whether servant in taking automobile home was within scope of employment held for jury.**

In an action for injuries when struck by defendant's automobile, whether defendant's

servant in taking automobile home with him on night of accident was acting within scope of his master's employment *held* a question for the jury.

Error from District Court, McLennan County; H. M. Richey, Judge.

Action by Mrs. Ola McKeage and husband against Morris & Co. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

Witt, Terrell & Witt, and Horace Trippet, all of Waco, for plaintiffs in error.

Erwin J. Clark, of Houston, for defendant in error.

BARCUS, J. Plaintiffs in error, Mrs. Ola McKeage and husband, brought this suit against defendant in error, alleging that plaintiff in error Mrs. McKeage was seriously injured by an automobile which was negligently operated by one of the defendant's duly authorized agents and employees, acting within the scope of his employment at the time of the injury. The negligence complained of was that the automobile was operated at a high and dangerous rate of speed, failure to sound the gong or horn, failure to keep a proper lookout, and failure to have the lights on said car burning; the injury having been inflicted at nighttime on one of the busy thoroughfares in the city of Waco.

The defendant answered by a general demurrer, general denial, and a special plea that at the time of the injury the driver of the automobile was not engaged in any business of defendant and was not acting within the scope of his employment; and alleged contributory negligence and other defensive matters not necessary to state here. At the conclusion of plaintiffs' testimony the court instructed the jury to return a verdict for defendant, and it is from the instructed verdict this appeal is perfected.

It is unquestionably true that the testimony of the plaintiffs raised the issue of negligence on the part of the driver of the automobile at the time the injury was inflicted, and also as to the extent of the injuries to Mrs. McKeage. The only question necessary to be determined is as to whether at the time of the injury the driver of the automobile was in the employ of the defendant and engaged in its business or engaged within the scope of his employment. On this question the facts are briefly:

W. H. Wishmeier was employed by defendant as a salesman. Three days each week he used the automobile of defendant and sold meat for it in the territory surrounding Waco. Wishmeier used the automobile on Mondays, Tuesdays, and Wednesdays of each week, and if he returned to Waco at night he was instructed by defendant's manager to come by the office, and then, before going home, to carry the car to the Clay Francis garage in Waco for storage during the night, and his day's work was ended when he had so stored the car. Wishmeier was instructed that if the car needed any little repair while he was out on the road to have it done, and, if same needed repairing after it reached Waco, he was authorized by defendant to take the car either to Goodhue Smith's repair shop or to the Clay Francis repair shop. Several months before the injury Wishmeier had carried the car home with him a few different nights by permission of the former manager of defendant. The injury occurred on Wednesday, about 8 o'clock at night, November 3, 1920. On that day Wishmeier had been on his run to the country towns. He reached Waco about 6:30 or 7 o'clock in the evening, and reported at the office of defendant that he had a ball bearing burned out. When he reached the office the manager had gone home for the night, and some one in the office told Wishmeier to take the car to the Goodhue Smith Garage and leave it there for repairs. Mr. Loftin, the manager for defendant, testified that under his instructions Wishmeier could have taken the car either to the Clay Francis or Goodhue Smith Garage to have same repaired. The Goodhue Smith Garage was on the road from defendant's office to Wishmeier's residence. Wishmeier was employed by defendant by the month, and on the days that he made the small towns around Waco his day's work was completed when he brought the car in and carried it to the garage to be stored for the night. On the day of the injury, after he had reported at the office, he carried the automobile to the Goodhue Smith Garage, and when he arrived he found said garage and repair shop closed. He then decided to carry the car on home with him and keep it for the night, and the next morning on his way to the office he left the car at Goodhue Smith's Garage for repairs. Wishmeier testified that when he found the Goodhue Smith Garage closed he could have gone back through town and carried the car to the Clay Francis Garage for the night for storage, but he decided he would carry it on home and keep it for the night; that it was easier to take the car home with him for the night than go back to Clay Francis' Garage and then ride the street car home. After he left the Goodhue Smith Garage, he was going directly to his home when the accident occurred. Wishmeier's residence was about 23 blocks from the Goodhue Smith Garage. The Clay Francis Garage was about 5 blocks from the Goodhue Smith Garage in the opposite direction from Wishmeier's home. The next morning after the accident Wishmeier did bring the car to Goodhue Smith's Garage, and left same for repairs, and went on to the office and reported the accident to the manager of defendant.

[1] The question as to when the servant is

acting within the scope of his authority is frequently difficult to determine. The law is well settled that, if a man's agent commits a tort while in the discharge of the duties of his employment, his master is liable. It is equally well settled, however, that, if the employee turns aside from the duties of his employment, and is attending to his own affairs, or attending to affairs not within the scope of his employment, that his master is not responsible for his torts. If the servant is engaged in his master's business, and combines his own therewith, the master is liable for his servant's torts, while the servant is engaged in the joint enterprise. Gulf Refining Co. v. Texarkana & Ft. Smith Ry. Co. (Tex. Civ. App.) 261 S. W. 169; Studebaker Bros. Co. v. Kitts (Tex. Civ. App.) 152 S. W. 464.

[2] Where the evidence raises the question as to whether the servant is engaged in his master's employment, it becomes a fact issue to be determined by the court or jury. Davis v. Jeffords-Schoenmann Produce & Brokerage Co. (Tex. Civ. App.) 261 S. W. 401; Brown v. City Service Co. (Tex. Com. App.) 245 S. W. 656; Pierce-Fordice Oil Ass'n v. Brading (Tex. Civ. App.) 212 S. W. 707; Ritchie v. Waller, 63 Conn. 155, 28 A. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361.

[3] The question as to when an employee is acting within the scope of his authority is ably discussed in the case of Ritchie v. Waller, supra, by the Supreme Court of Connecticut. It would serve no useful purpose for us to try to distinguish this case from the cases cited by defendant in error. The evidence in this case was sufficient to raise the issue as to whether Wishmeier in taking the automobile home with him on the night of the accident was acting within the scope of his master's employment. If his purpose in taking the car home with him was solely for his own pleasure and use, defendant would not be liable. If, however, he was carrying the car with him for the purpose of leaving same at the garage the next day, or was carrying it home with him for the purpose of protecting his master's car and storing same for the night, even though it was of benefit to him to be able to ride home in said car, he would be acting for his master. It was an admitted fact that Wishmeier in his employment was required to carry the car to the garage for storage for the night, and while he was instructed to take same to the Clay Francis Garage or to the Goodhue Smith Garage for said purpose, if, as a matter of fact, he violated those instructions and carried the car to some other garage for storage, it could not be said that he was not acting within the scope of his employment. It was error for the trial court to instruct the jury to return a verdict for defendant in error, which requires a reversal of the cause.

Reversed and remanded.