The **CONTINENTAL INSURANCE COMPANY, Appellant,**

v.

**C. F. CLARK, Appellee.**

**No. 453.**

Court of Civil Appeals of Texas, Tyler.

Feb. 5, 1970.

Rehearings Denied Feb. 26, 1970.

DUNAGAN, Chief Justice.

This case originated in the 114th District Court of Smith County, Texas, as a compensation case in which C. F. Clark was plaintiff and The Continental Insurance Company was defendant. The appellee (plaintiff below) brought this suit for the recovery of workmen's compensation benefits for the loss of a finger which he lost while doing carpentry work on the premises of Howe-Baker Engineers, Inc.

Appellant in its answer specially pleaded that C. F. Clark was not an employee but was in the relation of an independent contractor.

Before trial, pertinent matters, such as the nature and extent of injury, the claimant's wage rate, medical expenses incurred, right to lump-sum recovery were stipulated, leaving as the only issue in the case the question whether, at the time of the injury, plaintiff was an "employee" of Howe-Baker Engineers, Inc., the subscriber, or whether he was working for Howe-Baker Engineers, Inc. as an independent contractor.

Evidence was taken on this issue only and submitted to a jury which returned its verdict finding [1] that, on the day of injury, plaintiff-appellee was an "employee" of Howe-Baker Engineers, Inc. and that he was not working as an independent contractor.

On the basis of these findings, judgment was rendered for appellee (and his attorneys) in the amount of $1,752.75, plus interest, appellant's motion for instructed verdict and its motion for Judgment Non

Ramey, Brelsford, Flock, Devereux & Hutchins, Donald Carroll, Michael A. Hatchell, Tyler, for appellant.

Gordon Wellborn and Rex Houston, Guinn D. Tate, Henderson, for appellee.

1. "SPECIAL ISSUE No. 1: Do you find from a preponderance of the evidence that Mr. Clark was an employee of Howe-Baker Engineers, Inc. on November 3, 1967?

Answer 'Yes' or 'No'.
ANSWER: YES
"SPECIAL ISSUE No. 2: Do you find from a preponderance of the evidence

that on the occasion in question C. F. CLARK was not working as an independent contractor for HOWE-BAKER ENGINEERS, INC?
Answer 'He was an independent contractor'. or 'He was not an independent contractor'.
ANSWER: He was not an independent contractor."

Obstante Veredicto having been overruled previously. From this judgment appellant has perfected its appeal.

Appellant has filed seven points of error which basically present two questions. (1) The legal and factual sufficiency of the evidence to support the verdict, and (2) Appellant-defendant's objection and exception to the court's definition of the term "employee". These points will be discussed in an order different from that followed by the appellant. The second question will be discussed and disposed of first.

In connection with the submission of Special Issue No. 1, the court gave the following definition of the term "employee":

"You are instructed that 'EMPLOYEE' is a person in the service of another under contract of hire, expressed or implied, oral or written, whereby the master retains or exercises (or has the right to exercise) the right of control in directing, not merely the end sought to be accomplished, but also the means and details of its accomplishment, not merely what shall be done, but how it shall be done."

Appellant says that under the definition here complained of the jury was permitted to give an affirmative answer to Special Issue No. 1 on an improper standard, (i. e., mere exercise of control rather than the right of control) and, thus, permitted appellee-plaintiff to prevail under a lesser burden of proof than required by law.

The law is well settled in this state that it is the "right of control" which determines a master-servant relationship. Newspapers, Inc. v. Love, 380 S.W.2d 582, (Tex.Sup., 1964); Anchor Casualty Company v. O. E. Hartsfield, 390 S.W.2d 469, 471 (Tex.Sup., 1965); Halliburton v. Texas Indemnity Ins. Co., 147 Tex. 133, 213 S.W.2d 677, 680 (1948); Texas Em-

ployers' Insurance Association v. Brown, 309 S.W.2d 295, 301, (Tex.Civ.App., Waco., 1958, writ ref. n. r. e.); Standard Ins. Co. v. McKee, 146 Tex. 183, 205 S.W.2d 362, (1947); Dempster Mill Mfg. Co. v. Lester, 131 S.W.2d 254, (Tex.Civ.App., Waco, 1939, writ dism., judg. cor.); City of Waco v. Hurst, 131 S.W.2d 745, (Tex.Civ.App., Waco, 1939, writ dism. judg. cor.); Moore v. Lee, 109 Tex. 391, 211 S.W. 214, 4 A.L.R. 185 (1919). In the case of Stimson v. Aetna Insurance Company, 440 S.W.2d 108, 111, (Tex.Civ.App., Dallas, 1969, n. w. h.), which is an oral contract case, the Court stated:

"In determining whether the employer-employee relationship exists the test is the right of control, not the exercise of control by the person alleged to be the employer. However our Supreme Court has held that in cases where there is no express contract, or where the terms of the employment are indefinite, the *exercise of control,* though evidentiary only and not the ultimate test, may be the best evidence available in determining the *right of control.* Newspapers, Inc. v. Love, 380 S.W.2d 582, 590 (Tex.Sup.1964); * * *."

While actual exercise of control may be, and often must be, looked to in order to determine what the contract contemplated, Halliburton v. Texas Indemnity Ins. Co., supra, such acts are not ultimate, but evidentiary only. Newspapers, Inc. v. Love, supra; Southern Underwriters v. Samanie, 137 Tex. 531, 155 S.W.2d 359, 362, (1941).

In Larson's Workmen's Compensation Law, Vol. 1A, Sec. 44.10 "Right vs. Exercise", we find this statement:

"* * * But the test is, and must be, based on the right, not the exercise. * * * there may be exercise of control without the right, but the right is still what counts. For example, you may order a taxi driver to exceed the speed limit while taking you to a train, and he

may even comply, but this does not make him your employee. * * *"

In King v. Galloway, 284 S.W. 942, 944 (Tex.Com. of App., 1926, judg. adopted), we find this statement of the law:

"In the first place, it must be borne in mind that on the question of control, the test is not the exercise thereof, but the right to exercise such control. In this connection, we quote from Labatt, p. 240, 19 A.L.R., as follows:

'In every case which turns upon the nature of the relationship between the employer and the person employed, the essential question to be determined is not whether the former actually exercised control over the details of the work, but whether he had a right to exercise that control.'"

The Supreme Court in Newspapers, Inc. v. Love, supra, 380 S.W.2d at page 585 uses the above quote from the King case with approval.

In Esthay v. Sherman, 135 S.W.2d 174, 176, (Tex.Civ.App., Galveston, 1939 writ dism. judg. cor.), the following definition of the term "employee" was approved:

"* * * 'By the term "employee", used in the foregoing special issue, is meant every person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details as to how the work is to be performed'.

"This court finds no fault with the declaration, but regards it as coming well within our authorities on the subject, especially that enunciated in King v. Galloway, Tex.Com.App., 284 S.W. 942."

It is worthy of note that the words "or exercised" were not included in the defini-

tion, which was in accord with the holding in the King case.

It is argued that this case is distinguishable from the Newspapers, Inc. case in that the contract in the Newspapers, Inc. case which designated Love as an independent contractor was a written one and in this case the only agreement is an oral one. We might point out that the contract involved in King v. Galloway, supra, was not a written one. Also there was no written contract involved in the case of Shannon v. Western Indemnity Company, 257 S.W. 522, 524, (Tex.Com. of App., 1924, judgment adopted by the Supreme Court), wherein the Court said:

"* * * The authorities seem to be practically in accord in holding that to constitute one an 'employee' in the meaning of the compensation laws, there must exist between the parties the relation of master and servant, in the broad sense that the one has the right of ultimate control and direction over the other. * * *"

* * * * * *

"From this classification it will be seen that the outstanding quality of any contract, as touching the question of the independence of same, and which is ultimately the one most decisive of the question, is the one of the right of control of the person employed by the employer with respect to the details of the work. All other elements bear some relation to that one, and directly or indirectly indicate the presence or the absence of the right of control. For this reason it has often been said that the supreme test of the relation is the right to control. * * *"

The supreme and ultimate test which determines a master-servant relation is the "right of control", whether the contract between the parties is a written or oral one. Newspapers, Inc. v. Love, supra. It is also the legal test. W. D. Haden Co. v.

Ryman, 362 S.W.2d 133, 135, (Tex.Civ. App., Houston, 1962), writ ref'd.

Under the court's definition of "employee", without doubt the jury was authorized to find that Clark was an "employee" of Howe-Baker solely on the "exercise of control" rather than the "right of control" as required by law.

■ To establish whether or not, under the oral agreement of employment between the parties, Howe-Baker retained the right of control as to the means and details of the accomplishment sought, there was evidence offered showing the exercise of some control, which under the court's definition of "employee" could have caused the jury to answer Special Issue No. 1 in the affirmative solely on the basis of some control exercised by Howe-Baker over Clark, when, in fact, the jury may have believed the right to do so was not retained by Howe-Baker. We think the inclusion of the evidentiary inquiry as to "exercise" of control in the definition of "employee" was clearly prejudicial to the appellant.

The majority opinion in the Newspapers, Inc. case contains language which indicates in cases where there is no express contract of employment or the terms of employment are indefinite the definition of "employee" such as given by the court in this case *may not* be objectionable. However, the court fell far short of actually so holding. The cases we have found discussing the test for determining the employer-employee or master-servant relationship, in our opinion expresses a contrary view.

After a careful analysis of the actual holding in Newspapers, Inc., we do not think that the court meant that in cases involving no expressed contract it is proper to allow the jury to find that a person was an employee based on the exercise of control alone.

Under the definition given in the case before us the jury was instructed that they could find that Clark was an employee of Howe-Baker, if Howe-Baker had only exercised control over Clark. In other words, the jury did not necessarily have to find that Howe-Baker had the "right of control". If this is a proper instruction, then the ultimate test of the master-servant relationship, which our courts have repeatedly held to be the "right of control" would be relegated to a test of "exercise of control". The best evidence in a case where there is no expressed contract may be the "exercise of control". But to reiterate, considering the entire opinion of the court including the one on motion for rehearing, we do not think that the Newspapers, Inc. case means that in cases involving no expressed contract that it is proper to allow the jury to find that a person was an "employee" based on the "exercise of control" alone, when, in fact, the jury may believe that the right to do so was not retained by the employer or master.

■ Appellant also contends that there is "no evidence" or the evidence is "insufficient" to support the jury's verdict. We overrule this contention using the appropriate rules for deciding the no evidence points and points pertaining to the weight of the evidence as stated in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1959).

For the reasons above stated this case is reversed and remanded to the trial court.

McKAY, J., not participating.