**Eusebio Guerrero GUILLEN, Plaintiff-Appellant-Cross Appellee,**

v.

**Thomas KUYKENDALL, Defendant-Cross Appellant,**

**and**

**C. R. Kuykendall, Defendant-Appellee.**

No. 72–2865

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Oscar J. Pena, Ruben Garcia, Laredo, Tex., for Eusebio Guerrero Guillen.

Julio A. Garcia, Laredo, Tex., for Thomas Kuykendall.

J. G. Hornberger, Robert O'Connor, Jr., Laredo, Tex., for Thomas & C. R. Kuykendall.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Plaintiff, Eusebio Guerrero Guillen, a Mexican alien, was shot by the defendant, Thomas Kuykendall, on the Texas ranch owned by Thomas Kuykendall's father, C. R. Kuykendall. The father was also named as a defendant. The plaintiff sued to recover damages. The case was tried to a jury. The only issue that went to the jury was the amount of damages. The trial judge had decided as a matter of law that Thomas Kuykendall was responsible for the shooting. Plaintiff was awarded $12,500 in damages.

Plaintiff contends that the trial court erred because (1) it held as a matter of law that under the doctrine of *Respondeat Superior* the father was not responsible for the acts of his son, and (2) it failed to submit to the jury the question of exemplary damages.

We reverse and remand for a new trial on both contentions.

The facts surrounding the shooting were disputed. Plaintiff claimed that he had stopped at a water tank to get a drink of water when he was shot. Defendant, Thomas Kuykendall, contended that the plaintiff and a companion were coming from his father's house, carrying away groceries and bedding. Defendant asserted that he only shot above their heads to scare them, after they did not heed his warning to stop. The bullet ricocheted off a rock and fragments hit the plaintiff in the right arm and right foot.

Thomas Kuykendall was an eighteen year old high school student who occasionally worked on his father's ranch. The son was not paid regularly, but sometimes he was given money and cattle by his father. Thomas Kuykendall admitted to feeding the cattle, rounding up the cattle, and protecting the cattle

from coyotes. In his testimony, C. R. Kuykendall stated that his sons participated in the management of the ranch and that they did not always consult with him in all matters dealing with running of the ranch.

### 1. *The Issue of Respondeat Superior*

■ In order to hold the master liable for the acts of his servant, the plaintiff must establish that (1) the alleged tortfeasor was an employee of the master, and (2) that the tortious act was done in the scope or course of the servant's employment, National Cash Register Company v. Rider, Tex.Com.App., 1930, 24 S.W.2d 28, 31.

■ For the master and servant relationship to exist the master must have the right of control over the details of the work of the servant, Continental Insurance Company v. Clark, Tex.Civ. App., 1970, 450 S.W.2d 684, 686, and cases cited therein. While C. R. Kuykendall did not exercise control over his son's duties, he had the right to do so. The right of control, not its exercise, determines whether the master and servant relationship exists, Continental Insurance Company v. Clark, *supra*, at 687. There was enough evidence as to the issue of control for the trial court to have let it go to the jury, Trachtenberg v. Castillo, Tex.Civ.App., 1924, 257 S.W. 657, 659. See, also, 53 Am.Jur.2d, Master and Servant, § 460.

■ The master is liable for the acts of his servant if the act is committed within the scope of the general authority of the servant in furtherance of the master's business and for accomplishment of an object for which the servant is employed, Robertson Tank Lines, Inc. v. Van Cleave, Tex.1971, 468 S.W.2d 354, 357, and Bradford v. Fort Worth Transit, Tex.Civ.App., 1970, 450 S.W.2d 919, 927.

The Restatement of Agency 2d Section 245 states:

"A master is subject to liability for the intended tortious harm committed by a servant . . . by an act done in connection with the servant's employment, although the act was unauthorized, if the act was not unexpectable in view of the duties of the servant."

The Comment to Section 245 goes on to state:

"Whether or not an employment involves or is likely to lead to the use of force . . . is a matter of fact to be decided by the trier of fact."

■ According to the testimony of C. R. Kuykendall his son normally used a rifle to protect the cattle from coyotes. Whether or not the defendant's act of shooting above the plaintiff's head to stop him was such an unexpected act as to be outside the son's scope of employment was a question for the jury, McKeage v. Morris and Company, Tex. Civ.App., 1924, 265 S.W. 1059, 1061; National Life and Accident Insurance Company v. Ringo, Tex.Civ.App., 1940, 137 S.W.2d 828, 830; and Houston Transit Company v. Felder, Texas, 1948, 146 Tex. 428, 208 S.W.2d 880, 881. See, also, 53 Am.Jur.2d Master and Servant, § 426, and Restatement, Agency 2d § 229, Comment a, illustration 6.

### 2. *The Issue of Exemplary Damages*

Plaintiff in his pleading asked only for damages in the sum of $50,000. He did not ask for exemplary damages. Plaintiff claims that the trial court erred because it did not instruct the jury on the question of exemplary damages.

Defendant asserts that Texas law should govern the scope of the pleadings. The defendant points to Texas cases where it is stated that exemplary damages and actual damages should be pleaded separately.

■ In this case the sufficiency of pleadings are determined by federal law, not local law, Bryan v. Kershaw, 5 Cir., 1966, 366 F.2d 497, 503, cert. denied 386 U.S. 959, 87 S.Ct. 1030, 18 L.Ed.2d 108.

Rule 54(c) of the Federal Rules of Civil Procedure states:

"... every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

 It is not necessary to claim exemplary damages by specific denomination if the facts show that the wrong complained of was "inflicted with malice, oppression, or other like circumstances of oppression", Alexander v. Jones, 29 F.Supp. 690 (E.D., Okla.1939), and 22 Am.Jur.2d Damages § 293. The plaintiff's complaint alleged malice and unwarranted excessive actions. The plaintiff's allegations were sufficient to take the case to the jury under Texas law. Wooley v. Southwestern Portland Cement Company, 5 Cir., 1960, 272 F.2d 906, 908, and Morgan v. Arnold, Tex. Civ.App., 1969, 441 S.W.2d 897, 905. The trial court erred in not instructing the jury as to exemplary damages since under Rule 54(c), Federal Rules of Civil Procedure, a judgment for the plaintiff should have granted him all the relief to which he was entitled, Bryan v. Kershaw, *supra*, 366 F.2d at 503.

### 3. *The Statutory Defense of Non-Tortious Violence*

On cross-appeal Thomas Kuykendall contends that article 1142 of the Texas Penal Code Vernon's Anno. shields him from liability as a matter of law. Article 1142 reads in pertinent part:

"Violence used to the person does not amount to an assault or battery in the following cases:

\* \* \* \* \* \*

"4. In preventing or interrupting an intrusion upon the lawful possession of property.

\* \* \* \* \* \*

"7. When violence is permitted to effect a lawful purpose, only that degree of force must be used which is necessary to effect such purpose."

The District Judge found cross-appellant Kuykendall's liability established as a matter of law and thus impliedly found Article 1142 inapplicable to the established facts. We do not believe the evidence presented below established the applicability of Article 1142 as a matter of law. We need not comment further on the applicability of this Texas statute to the facts of this case, since the case must be remanded for a new trial on the basis of the respondeat superior and exemplary damages issues previously discussed.

The judgment of the District Court will be reversed and remanded for a new trial.

Reversed and remanded.