Richard J. **BERNARD, Plaintiff-Appellee Cross-Appellant,**

v.

**FLORIDA EAST COAST RAILWAY COMPANY, Defendant-Appellant Cross-Appellee.**

No. 78–2086.

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1980.

Jones & Foster, Marjorie D. Gadarian, West Palm Beach, Fla., for defendant-appellant cross-appellee.

Edna L. Caruso, West Palm Beach, Fla., Walter A. Engdahl, Boca Raton, Fla., Dort S. Bigg, Paul R. Kfoury, Manchester, N. H., Christian D. Searcy, West Palm Beach, Fla., for plaintiff-appellee cross-appellant.

Before BROWN, HILL and RANDALL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

In the early morning hours of March 16, 1974, Richard Bernard was found lying beside railroad tracks owned by the Florida East Coast Railway Company (the Railroad). Bernard's legs had been severed by a train owned and operated by the Railroad.

Bernard commenced this diversity action in the United States District Court for the Southern District of Florida, claiming that his injuries were caused by the negligence of the Railroad and seeking $10,000,000 in compensatory damages. At the close of plaintiff's case, and again at the close of all the evidence presented on the issue of liability, the Railroad moved for a directed verdict. Both motions were denied and the case was submitted to the jury on special interrogatories. The jury found that Bernard was trespassing on Railroad property at the time of the accident, and that the Railroad had breached the duty of care which, under Florida law, a landowner owes to a trespasser. The Railroad was found to have been 40% responsible for the accident and Bernard 60%. The Railroad's motion for judgment n. o. v. was denied. After a separate trial on the issue of damages, the jury returned a verdict of $1,000,000. Applying the percentages of fault as found by the jury, the district court entered a judgment for Bernard in the amount of $400,-000.

The Railroad appeals the denials of its motions for directed verdict and its motion for judgment n. o. v. It is the Railroad's contention that Florida law requires a landowner merely to refrain from willfully and wantonly injuring a trespasser, and that Bernard failed to present sufficient evidence to justify submitting the liability issue to the jury or to support its verdict. Bernard cross-appeals, claiming that Florida's comparative negligence rule is not applicable where the defendant has acted willfully and wantonly, and that his post-ver-

dict motion to amend his complaint to add a request for punitive damages improperly was denied.

### I.  *Sufficiency of the Evidence*

■ The jury was instructed that if Bernard was trespassing on the Railroad's property when the accident occurred, the Railroad could not be held responsible unless it acted willfully and wantonly.[1] Florida, whose law governs this case, defines willful and wanton conduct as follows:

> (1) the actor must have *knowledge*, actual or constructive, of the likelihood that his conduct will cause injury to other persons or property; and (2) the conduct must indicate a reckless *indifference* to the rights of others, that is, conduct which might be termed equivalent to an intentional violation of those rights.

*Boyce v. Pi Kappa Alpha Holding Corp.*, 476 F.2d 447, 452 (5th Cir. 1973) (emphasis in original).

The question whether the trial court erred in denying the Railroad's motions for directed verdict and for judgment n. o. v. must be resolved in accordance with the standard articulated in *Boeing v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc):

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

*Id.* at 374–75; *accord, Hayes v. Solomon*, 597 F.2d 958, 972 (5th Cir. 1979); *Pearce v. Wichita Cty., City of Wichita Falls*, 590 F.2d 128, 132–33 (5th Cir. 1979); *Boyce v. Pi Kappa Alpha Holding Corp.*, 476 F.2d 447, 451 (5th Cir. 1973).

The following facts are undisputed. The train was equipped with a spotlight designed to illuminate the tracks for a distance of one-half mile. The "hot spot" of the light—the point where the beam actually hits the tracks and the point of greatest illumination—was approximately 800–900 feet ahead of the train. Walter Frieh, the locomotive engineer, spotted an object about the size of a man approximately 700 feet away. At that point, Frieh did not know that the object was a human being. No attempt was made to stop the train until it was approximately 300 feet from Bernard; that was the first time Frieh knew that a man was on the tracks. His attempts to stop the train in time failed.

The controversy at trial centered on the following questions: (1) whether the train's

---

1.  The trial court may have erred in instructing the jury that the plaintiff's status determines the defendant's duty of care. In 1973, the Florida Supreme Court declared that in, determining a landowner's duty of care, the plaintiff's status is crucial only where the injury was caused by a condition of the land itself. *Hix v. Billen*, 284 So.2d 209 (Fla.1973). Where the injury is caused by an act unrelated to the land, failure to exercise ordinary care is all that need be established. The court recently reaffirmed *Hix* in *Maldonado v. Jack M. Berry Grove Corp.*, 351 So.2d 967 (Fla.1977). In view of our holding that the jury's finding of willful and wanton conduct must stand, we need not decide whether the jury should have been instructed that ordinary care was the applicable duty.

braking system was adequate; (2) whether the Railroad had, for economic reasons, deliberately altered the braking system below industry standards; (3) whether the train was traveling at an excessive rate of speed; (4) whether a proper lookout was kept by Frieh and the two other men riding in the locomotive; and (5) when the train's emergency braking system was activated.

Viewing the evidence, as we must, "in the light and with all reasonable inferences most favorable" to the plaintiff, *Boeing v. Shipman,* 411 F.2d at 374, we find that the jury could have concluded: (1) that the brakes did not meet minimum industry standards; (2) that the brakes had been intentionally adjusted, reducing their ability to stop the train, to avoid wear and tear on the wheels; (3) that the train was travelling 20 mph over the speed limit; (4) that the crew failed to keep a proper lookout; and (5) that the emergency brakes should have been applied no later than when the "object" was first spotted on the tracks. From these acts, a jury could find that the Railroad knew or should have known the likely consequences of its conduct and was recklessly indifferent to the rights of others. *Boyce v. Pi Kappa Alpha Holding Corp.,* 476 F.2d at 452.

We recognize that the jury just as easily could have found otherwise. The evidence offered on behalf of the Railroad was not insubstantial. However, when there is a conflict in substantial evidence, the trial judge must defer to the judgment of the jury. They are the finders of fact charged with deciding which of the competent and admissible evidence to credit and which to discard. They, not the court, must decide which witnesses are credible and which are not. On this record, we cannot conclude that "the facts and inferences point so strongly and overwhelmingly in favor of [the defendant] that . . . reasonable men could not arrive at" a verdict in favor of the plaintiff. *Boeing Co. v. Shipman,* 411 F.2d at 374. The jury's finding that the Railroad acted wilfully and wantonly must, therefore, be left undisturbed.

## II. *The Motion to Amend*

■ In light of the jury's finding of willful and wanton conduct, plaintiff's attorney, prior to the damages phase of the trial, moved for permission to add to the complaint a request for punitive damages. The motion was denied.

Rule 15(b) of the Federal Rules of Civil Procedure permits a party to amend its pleadings to conform to the evidence "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties." Fed.R.Civ.P. 15(b).

The fact that during the liability phase of the trial plaintiff introduced evidence to establish that the defendant acted willfully and wantonly is not enough to satisfy the consent requirement of Rule 15(b). There is nothing in the transcript to indicate that the plaintiff planned to use this evidence to substantiate a later demand for punitive damages. "[T]he introduction of evidence relevant to an issue already in the case may not be used to show consent to trial of a new issue absent a clear indication that the party who introduced the evidence was attempting to raise a new issue." *International Harvester Credit v. East Coast Truck,* 547 F.2d 888, 890 (5th Cir. 1977). Even if we were to assume that plaintiff was attempting to establish his entitlement to an award of punitive damages, we cannot say that the Railroad was put on notice of that fact. Thus, there having been no evidence of express or implied consent by the Railroad, the district court correctly denied plaintiff's Rule 15(b) motion.

■ While an amendment under Fed.R.Civ.P. 15(a) would have been permissible, such decisions are left to the trial court's discretion. Since the plaintiff waited until after the liability trial was completed and made his motion just prior to the time when the damages hearing was scheduled to begin, we find no abuse of discretion in the court's decision to deny the motion.

## III. *Reduction of Damages*

■ It is the plaintiff's contention that Florida's comparative fault rule does not

apply where the defendant has acted willfully and wantonly.

Prior to Florida's adoption of a comparative fault rule, there was authority to the effect that a plaintiff's contributory negligence could not be raised as a defense by a defendant who had acted willfully and wantonly. *See National Car Rental System, Inc. v. Holland*, 269 So.2d 407, 411 (Fla.Dist. Ct.App.1972); *Johnson v. Rinesmith*, 238 So.2d 659, 660 (Fla.Dist.Ct.App.1969) (citing *Florida Ry. Co. v. Dorsey*, 59 Fla. 260, 52 So. 963 (1910)); *Florida Southern Ry. Co. v. Hirst*, 30 Fla. 1, 11 So. 506 (1892). We have found no cases, however, which considered whether this is still the law now that Florida has discarded the notion that a plaintiff's contributory negligence generally bars any recovery.

Rather than attempt to predict how the Florida Supreme Court would resolve this important issue of state law, we feel it appropriate to seek guidance from our brethren on that court. We will, therefore, defer our decision on the reduction of damages issue pending a response from the Florida Supreme Court. Our usual practice when we find the need to certify a question to a state court is to request that the parties submit a proposed statement of facts and a proposed certificate of the questions for decision. However, in view of our holding that the jury's verdict on the issue of liability must stand, we find no need to follow that practice.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1975, and RULE 4.61, FLORIDA APPELLATE RULES

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves a question or proposition of law of the State of Florida which may be, in part, determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. The United States Court of Appeals for the Fifth Circuit therefore certifies the following question of law of the State of Florida to the Supreme Court of Florida for instructions concerning such question of law, based on the facts recited herein, pursuant to section 25.031, Florida Statutes 1975, and rule 4.61, Florida Appellate Rules, as follows:

I. *Style of the case.* The style of the case in which the certificate is made is as follows: RICHARD J. BERNARD, Plaintiff-Appellee, Cross-Appellant v. FLORIDA EAST COAST RAILWAY COMPANY, Defendant-Appellant, Cross Appellee, Case No. 78–2086, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Florida.

II. *Statement of facts.* While trespassing on the defendant's property, the plaintiff was injured when struck by a train owned and operated by the defendant. The jury found that the defendant's conduct was willful and wanton. The defendant was found 40% responsible for the plaintiff's injuries, and the plaintiff 60% responsible. The jury awarded the plaintiff $1,000,000 in compensatory damages. Invoking Florida's comparative fault rule, the trial judge applied the percentages of fault, as found by the jury, and reduced the award to $400,000.

III. *Question to be certified to the Florida Supreme Court.* Where the jury has found that the defendant acted willfully and wantonly, should the comparative fault rule be invoked to reduce the award of damages in proportion to the plaintiff's degree of fault?

The entire record in this case, together with copies of the briefs of the parties and all the papers, are transmitted herewith.

AFFIRMED IN PART; CERTIFIED IN PART.