GRIFFITH LABORATORIES U.S.A., INC., a Delaware corporation, and Griffith Laboratories, Inc., an Illinois corporation, Plaintiffs,

v.

Richard POMPER, an individual, and Presco Food Products, Inc., a New York corporation, Defendants.

No. 83 Civ. 3934(MEL).

United States District Court, S.D. New York.

April 3, 1985.

Bell, Boyd & Lloyd, Chicago, Ill., and Cleary, Gottlieb, Steen & Hamilton, New York City, for plaintiffs; Evan A. Davis, Douglas H. Meal, New York City, and John P. Scotellaro, Charles G. Albert, Chicago, Ill., of counsel.

Hall, Dickler, Lawler, Kent & Friedman, New York City, for defendants; Paul Sarno, New York City, of counsel.

LASKER, District Judge.

In an earlier opinion, we found defendants Richard Pomper and Presco Products, Inc. ("Presco") liable to plaintiff Griffith Laboratories U.S.A., Inc. ("Griffith") for violating a customer non-solicitation clause in a salesman-employment contract between Griffith and Pomper. *See Griffith Laboratories U.S.A., Inc. v. Pomper,* 577 F.Supp. 903 (S.D.N.Y.), *aff'd mem.,* 740 F.2d 954 (2d Cir.1984). Griffith now moves pursuant to Federal Rule of Civil Procedure 54(c) for an order awarding it punitive damages in an amount to be determined at the forthcoming damages trial.

Defendants argue that Griffith is not eligible to recover punitive damages because actual malice or ill-will which a defendant directs against a plaintiff without justification must be shown. Defendants assert that the facts brought out at the liability trial do not reveal Presco's ill-will toward Griffith and they point out that Presco acted in good faith when it hired Pomper because it acted on the advice of counsel.

■ Illinois law, which provides the substantive rules of law for this case, does not condition an award of punitive damages upon a finding of actual malice but "may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, *or when the defendant acts willfully....*" *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 565, 384 N.E.2d 353, 359 (1978) (emphasis added). Accordingly, a grant of punitive damages is not confined to the question of whether the defendant acted with ill-will directed at the plaintiff but includes the issue of whether the defendant's acts were willful.

■ Punitive damages have been awarded for tortuously inducing a breach of a non-solicitation provision in a salesman's employment contract, *see Tower Oil and Technology Co. v. Buckley,* 99 Ill.App.3d 637, 54 Ill.Dec. 843, 852, 425 N.E.2d 1060, 1069 (1981). In the case at hand evidence at the liability trial establish that before it hired Pomper, Presco knew about the customer non-solicitation clause in Griffith's salesmen's contracts because it had hired a Griffith salesman one year earlier. Nonetheless Presco hired Pomper as a salesman to solicit his Griffith customers, and Pomper proceeded to sell those customers although both he and Presco had been notified by Griffith that it intended to enforce the non-solicitation provision in Pomper's

contract. In the absence of mitigating circumstances, these facts would satisfy the threshold showing of willfulness necessary to support a punitive damage award.

■ However, there exists an issue as to Presco's good faith belief regarding the enforceability of the non-solicitation clause in Pomper's contract which affects definitive findings as to whether punitive damages should be awarded and, if awarded, the appropriate measure of these damages. The question of Presco's good faith hinges upon the advice which it received from counsel as to the enforceability of the non-solicitation provision in Pomper's contract with Griffith. We consider counsel's views regarding the provision of particular significance to this issue in light of the fact that Pomper was apparently hired by Presco to service the same territory he had covered as a Griffith salesman. Accordingly, decision on whether Griffith is entitled to a punitive damage award is reserved in order to allow the parties to submit evidence at the damages trial on the good faith issue, with specific focus upon the extent and quality of the advice which Presco obtained from its counsel.

■ Defendants further argue that Griffith is precluded from recovering punitive damages under Federal Rule of Civil Procedure 54(c) because the complaint made no such demand. They assert that to allow Griffith to recover punitive damages would be substantially prejudicial to them because, if the complaint had been pleaded, the defendants would have put in evidence on the issue of their actual malice during the liability trial.

Griffith's failure to plead punitive damages does not bar such an award. Rule 54(c) provides in relevant part that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." FED.R.CIV.P. 54(c). The Rule has been construed to permit the award of punitive damages when a complaint did not separately plead for them but did allege facts sufficient to support a punitive damages award. *See Guillen v. Kuykendall,* 470 F.2d 745, 748 (5th Cir.1972). The added award of punitive damages turns on whether the defendant acted willfully. In this case, the complaint alleges that "Presco ... knowingly, intentionally, wrongfully, unlawfully and without justification interfered with and induced Pomper to breach his Contract with Griffith...." Complaint ¶ 22, *reprinted in,* Plaintiff's Notice of Motion, Filed Oct. 31, 1984, at Exhibit A.

An exception does exist to awarding damages under Rule 54(c) where the failure to plead the relief requested prejudices the opposing party. *See International Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888, 891 (5th Cir.1977); *see also Evans Products Co. v. West American Insurance Co.,* 736 F.2d 920, 924 (3d Cir.1984); *Bernard v. Florida East Coast Railway Co.,* 624 F.2d 552, 555 (5th Cir. 1980); 6 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 54.62 (1983–84 Supp. at 65 & n. 34). However, any prejudice to the defendants in this case resulting from their failure to introduce additional evidence showing their lack of willful conduct will be remedied by the fact that they will have another opportunity to introduce evidence showing the basis for Presco's good faith beliefs.

In sum, a decision on plaintiff's request for punitive damages is reserved pending proof at the trial on damages as to defendants' good faith. Discovery relating to the measurement of the specific amount of punitive damages to which Griffith may be entitled is stayed pending the introduction at the damages trial of the evidence pertaining to Presco's good faith beliefs and conduct.

It is so ordered.